FELGER et v. THOMPSON et.

Ohio Appeals, 2nd Dist., Franklin Co.

Kenneth Little, Columbus, for Felger et.

Francis M. Thompson, Columbus, for Thompson et.

798. MUNICIPAL COURT—681 Jurisdiction —997 Real Estate.

Municipal Court of Columbus has jurisdiction in action to enforce forfeiture clause in contract for sale of real estate.

KUNKLE, J.

The Municipal Court of the City of Columbus has jurisdiction in an action to enforce a forfeiture clause in a contract for the sale of real estate, and its judgment thereon is not absolutely void.

(Ferneding and Allread, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

GREGER v. STATE.

Ohio Appeals, 1st Dist., Clermont Co.

Davis & Ely and Nichols, Speidel & Nichols, Batavia, for Greger.

Carl Z. Garland, Milford, and Harry Britton, Williamsburg, for State.

803. MURDER — 333 Criminal Law — 225 Charge of Court—480 Evidence.

1. Reasonable doubt of guilt of manslaughter held manifest under evidence.

2. In murder prosecution, court not required to give defendant's requested charges before argument.

3. Refusal of such requested charges not error, where general charge contained law.

4. Where defendant claims he killed deceased in .defense of. his father, whom deceased was attacking, evidence, as to length of time father was under medical treatment for injuries and time he was confined in bed, held competent.

5. Question to witness, answer to which called for witness' opinion, properly excluded.

PER CURIAM.

1. In prosecution for murder in the first degree where defendant claimed to have killed in defense of his father, reasonable doubt of his guilt of manslaughter held manifest under evidence.

2. In murder prosecution court was not required to give defendant's requested charges before argument.

3. In murder prosecution, refusal of defendant's requested special charges was not error, where general charge contained law applicable to case.

4. Where, in murder prosecution, defendant claimed that he killed deceased in defense of his father, whom deceased was attacking, evidence as to length of time the father was under medical treatment for injuries and time he was confined to his bed, was competent to corroborate defendant as to viciousness of attack on his father.

5. In murder prosecution where defendant claimed to have killed his victim in defense of his father, whom victim was attacking, question to witness, from impression witness found on back to state what kind of implement it was caused by, called for witness' opinion, and answer thereto was properly excluded.

(Hamilton, PJ., and Cushing and Buchwalter, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.